UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 97-CR-233-GAYLES

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

IAN ORVILLE AIKEN,

    **Defendant.**

    _____/

**ORDER**

    **THIS CAUSE** comes before the Court on Defendant Ian Orville Aiken's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). [ECF No. 874]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.   BACKGROUND**

    Defendant is currently incarcerated at the Federal Correctional Institution, Coleman ("FCI Coleman") and has a projected release date of March 1, 2028. On October 12, 2000, United States District Judge Alan Gold sentenced Defendant to a 420-month (35 years) term of imprisonment for conspiracy to engage in racketeering, in violation of 18 U.S.C. §1962(d). [ECF No. 745]. To date, Defendant has served approximately 23 years of his sentence.

    Defendant now files the instant motion asking the Court to grant him compassionate relief and modify his sentence of imprisonment to time served, so that a pending immigration detainer may be executed to initiate his voluntary deportation to Jamaica. In the alternative, Defendant seeks to serve the remainder of his term in home confinement at his mother's home in Miami,

Florida. Defendant alleges that, in light of the COVID-19 pandemic, his health issues constitute extraordinary and compelling circumstances that warrant compassionate release. Defendant's alleged medical conditions include high blood pressure, diabetes, high cholesterol, migraines, and only having one kidney. [ECF No. 874]. Defendant's medical records confirm that he has only one kidney, suffers from acid reflux, and is pre-diabetic.

## II.   LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with the applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support

2

Defendant's release; (3) extraordinary and compelling reasons warrant the Defendant's request; and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with the Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

### III.   DISCUSSION

The Court denies Defendant's Motion because (1) the § 3553(a) sentencing factors do not support a modification to his sentence and (2) he is a danger to the safety of other persons and to the community.[1]

#### A.   Exhaustion of Administrative Remedies

It is undisputed that Defendant submitted a request to the Warden of FCI Coleman for compassionate release on June 21, 2020, and that his request was denied. The Court finds that, based on his request to the Warden, Defendant has exhausted his administrative remedies as required by the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A).

#### B.   Section 3553(a) Factors

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

---

[1] While Defendant's records confirm that he suffers from some medical issues, those conditions do not outweigh the other § 3553(a) sentencing factors.

Judge Gold, considering these § 3553(a) factors at the time of sentencing, concluded that a term of 35-years' imprisonment was appropriate in this case. Defendant has not provided a new and convincing basis—aside from his alleged medical conditions—supporting a modification to the imposed sentence based upon § 3553(a) factors. *See United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020), *appeal filed*, No. 20-12017 (11th Cir. Jun. 1, 2020) (holding defendant's medical condition and the COVID-19 outbreak—the only basis for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification supported by § 3553(a) factors); *see also United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing," and the imposed sentence was appropriate). The Court thus finds that the factors outlined in 18 U.S.C § 3553(a) do not support a modification of Defendant's sentence.

### C. Danger to the Community

The Court also finds that Defendant is a danger to the safety of other persons and to the community. In making this determination, the Court considered: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Defendant has a lengthy criminal record. As a leader of a criminal gang operating in Jamaica, Florida, and other states, Defendant was involved in multiple shootings, robberies, kidnappings, and murders. *See* PSR ¶¶ 5-15, 18-19, 21-24, 31-34, 45. Defendant's extensive criminal history includes felony convictions for crimes of violence and firearms offenses. *Id*. at ¶¶

4

106-112. Based on this history, the Court finds that Defendant remains a danger to the community such that compassionate release is not warranted.

### IV.     CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release [ECF No. 874] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Monday, November 15, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE